

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAMEYON ANTOINE NEWTON, | § | |
| Movant, | § § § | |
| VS. | § § | NO. 4:19-CV-356-A (NO. 4:16-CR-060-A) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Dameyon Antoine Newton, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the memorandum of points and authorities in support, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-060-A, styled "United States of America v. Dameyon Antoine Newton," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On March 16, 2016, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute a mixture and substance containing cocaine, in

violation of 21 U.S.C. § 846. CR Doc.[1] 11. On June 3, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 20. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 21. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and correct. CR Doc. 72.

The probation officer prepared the PSR reflecting that movant's base offense level was 32. CR Doc. 24. ¶ 34. He received

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-060-A.

a two-level increase for possession of firearms, id. ¶ 35, a two-level increase for maintaining a drug premises, id. ¶ 36, a two-level increase for being an organizer, leader, manager or supervisor, id. ¶ 38, and a two-level increase for obstruction of justice, id. ¶ 39. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 42, 43. Based on a total offense level of 37 and a criminal history category of III, movant's guideline range was 262 to 327 months. Id. ¶ 115. However, the statutorily authorized maximum sentence was 20 years, so the guideline term became 240 months. Id. Movant filed objections, CR Doc. 26, and the probation officer prepared an addendum to the PSR, rejecting movant's objections. CR Doc. 28. By order signed October 24, 2016, the court notified the parties that it had tentatively concluded that movant's objections to the PSR were without merit. CR Doc. 34.

On October 14, 2016, movant, acting pro se, filed a motion to withdraw his plea.[2] CR Doc. 29. By order signed that same day, the court ordered the motion stricken from the record inasmuch as movant was represented by attorney Warren St. John ("St. John"). CR Doc. 30. On October 24, 2016, movant, proceeding pro se, filed a motion to relieve/ withdraw counsel. CR Doc. 35. The court

---

[2]A duplicate motion was filed October 17, 2016, and was terminated. CR Doc. 31.

again struck the motion. CR Doc. 36. The court also ordered St. John to meet in person with movant to attempt to resolve whatever problems might exist between them and to file a report detailing their meeting. Id. St. John filed a report regarding the meeting. CR Doc. 37. He also filed on behalf of movant a motion to withdraw his plea. CR Doc. 39. The motion stated:

1. Newton was arrest[ed] by the Drug Enforcement Administration on February 22, 2016. Newton was debriefed by TFO Derrick Lopez regarding information he might have regarding other drug activities.
2. Newton was told by TFO Lopez that if he cooperated none of the information would be used against him at his sentencing, other than the drugs found on his person at his arrest.
3. Newton believes he was tricked by TFO Lopez into debriefing with the DEA because the information he provided to the DEA has been used to determine what his guideline range is.
4. Newton wishes to withdraw his plea of guilt based on the above stated reasons.

Id. By order signed October 26, 2016, the court noted that it had received such motion along with two more pro se filings by movant. CR Doc. 40. The court cancelled the scheduled sentencing hearing, ordered the government to respond to the motions, and set a hearing to consider them. Id. On November 7, 2016, Calvin D. Johnson ("Johnson") filed a motion to substitute for St. John as counsel for movant bearing a typewritten signature. CR Doc. 45. The following day, he filed the same motion bearing his handwritten signature. CR Doc. 47. The court heard and granted

4

the motion on November 8, 2016. CR Doc. 50; CR Doc. 73. By separate order, the court denied movant's motion to withdraw guilty plea, noting that movant had withdrawn as untruthful the allegations made in paragraphs 2, 3, and 4 of his motion. CR Doc. 51; CR Doc. 73 at 14-15 (movant stating to the court that the allegations he made in those paragraphs of his motion to withdraw guilty plea were not true).

On December 1, 2016, movant appeared for sentencing. CR Doc. 53. The court sentenced him to a term of imprisonment of 240 months. CR Doc. 55. Movant appealed. CR Doc. 59. The Fifth Circuit allowed Johnson to withdraw as attorney for movant and appointed William Biggs ("Biggs") to represent movant on appeal. CR Docs. 68, 69. Movant's sentence was affirmed. United States v. Newton, 710 F. App'x 222 (5th Cir. 2018).

II.

Grounds of the Motion

Movant urges six grounds in support of his motion, worded as follows:

> **GROUND ONE:** Trial counsel rendered constitutionally ineffective assistance by failing to move for suppression of movant's post-arrest statements where movant informed counsel that he had twice requested to speak with an attorney prior to being interrogated but was refused by police, leaving his guilty plea unintelligent and uninformed.

Doc. 1 at 4.

5

> **GROUND TWO:** Trial counsel rendered constitutionally ineffective assistance failing to move for suppression of movant's post-arrest statements based on law enforcement's intimidation, coercion, and deception during custodial interrogation making movant's guilty plea unintelligent and uninformed.

Id. at 5.

> **GROUND THREE:** Trial counsel rendered constitutionally ineffective assistance by (1) advising movant to plead guilty where the underlying conspiracy charge lacked an adequate factual basis to convict; and (2) failing to properly argue and object, at movant's plea colloquy, that the conspiracy charge lacked an adequate factual basis to convict, thus rendering movant's guilty plea unintelligent and uninformed.

Id. at 7.

> **GROUND FOUR:** Trial counsels rendered constitutionally ineffective assistance by failing to properly argue and object to (1) the government's breach of the February 2016 proffer agreement; and (2) the illegal use of movant's immunized proffer statements in determining the applicable Sentencing Guidelines range.

Id. at 8.

> **GROUND FIVE:** Trial counsel rendered constitutionally ineffective assistance by misinforming and misleading movant into believing he was pleading guilty to possession of 78 grams of cocaine, making movant's guilty uninformed and unintelligent.

Id. at 10.

> **GROUND SIX:** Appellate counsel rendered ineffective assistance by failing to appeal (1) the district court's error in accepting movant's guilty plea without an adequate, supporting factual basis; (2) the government's breach of the February 2016 proffer agreement; and (3) the district court's erroneous use of movant's immunized proffer statements to establish the applicable Sentencing Guidelines range.

Id. at 11.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if

issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting

8

Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

## Analysis

In his first two grounds, movant argues that his counsel was ineffective because he failed to seek to suppress statements movant made after his arrest. He says officers ignored his pleas for a lawyer and coerced and intimidated him into making statements. These grounds were waived, however, by movant's guilty plea. United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). Moreover, movant has already admitted that the allegation that he was promised none of his statements would be used against him at sentencing was not true. CR Doc. 73 at 14-15. The allegation that his plea was rendered unintelligent and unknowing is ludicrous and belied by his declarations under oath at rearraignment.

9

In his third ground, movant argues that his counsel was ineffective in advising him to plead guilty and in failing to object that the conspiracy charge lacked an adequate factual basis. As the court found, however, movant's plea was knowing, voluntary, and intelligent. He admitted the facts necessary to establish the conspiracy. And, in any event, although an accused may not be convicted on his own uncorroborated confession, Smith v. United States, 348 U.S. 147, 152 (1954), "the doctrine is not as unyielding as it seems." United States v. Deville, 278 F.3d 500, 506 (5th Cir. 2002). The government need only offer extrinsic proof that fortifies the truth of the confession. United States v. Crane, __ F. App'x __, 2019 WL 3072148, at *2 (5th Cir. July 12, 2019). In this case, movant's confession demonstrated knowledge of the time, place, and method of the offense. Deville, 278 F.3d at 507. Movant gave officers addresses for his supplier and accompanied officers to those locations, identifying residences, stash houses, and vehicles. Doc. 18 at 7-8. He admitted being involved in transactions totaling at least 18 kilograms of cocaine. CR Doc. 24, ¶ 16. Movant's confession was abundantly corroborated and his allegation to the contrary is specious.

In his fourth ground, movant argues that his counsel was ineffective in failing to argue and object to the government's

alleged breach of a February 2016 proffer agreement and illegal use of his immunized statements. The issue was squarely raised by movant's counsel and overruled.³ CR Doc. 26; CR Doc. 74.

In his fifth ground, movant claims that his counsel misinformed and mislead him into believing that he was pleading guilty to possession of 78 grams of cocaine. Again, the contention is belied by the record and is ludicrous. Movant was charged with conspiracy, CR Doc. 11, as he well knew since he wrote to St. John on more than one occasion to ask if the charge could be dropped down to simple possession and to question how he could be charged with conspiracy as there were no co-defendants in his case. See Doc. 6, Exs. 5 & 6. His factual resume listed the elements of the conspiracy charge and the facts that established his participation in the conspiracy. CR Doc. 21. By his sworn testimony at the rearraignment, movant admitted that he understood exactly the charge, what would have to be proven, the facts establishing the conspiracy, and the consequences of pleading guilty, among other things. CR Doc. 72. Movant's conclusory allegations do not raise a genuine issue for hearing. Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

---

³The addendum contains an obvious misstatement with regard to information used to calculate movant's guidelines, referring to USSG § 1B1.8(b)(1) and saying that information not already known to the government was used, when such was not the case. CR Doc. 28 at 1 (first sentence of response).

In his sixth ground, movant says that his appellate counsel, Biggs, rendered ineffective assistance by failing to raise the adequacy of the factual basis for his plea, the government's breach of the proffer agreement, and court's use of movant's immunized proffer statements. As discussed, supra, none of these grounds has any merit. Biggs cannot have been ineffective for failing to raise frivolous grounds. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

V.

Order

The court ORDERS that the relief sought by movant be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 30, 2019.

JOHN McBRYDE
United States District Judge